LOCKE v. ÆTNA CASUALTY & SURETY CO.

1. RECEIVERS—ALLOWANCE OF ACCOUNT—BURDEN OF PROOF ON RE-
CEIVER.

On allowance · of receiver's final account, he has burden of
accounting for his acts and for property which came into his
hands, and he may not hide behind lack of testimony which
it is his duty to produce.

2. SAME—OUTLAWED COLLECTIBLE ACCOUNTS CHARGEABLE TO RE-
CEIVER.

On allowance of receiver's final account, collectible accounts
which he allowed to outlaw without attempting to collect them
are proper charges against him.

3. SAME—CONTINUING BUSINESS—LOSS OF PROFITS OUTSIDE BUSI-
NESS NOT CHARGEABLE TO RECEIVER.

Where receiver had been ordered by court to continue business,
but instead of doing so he sublet premises at profit, which
practice was later discontinued because of his alleged failure
to pay rent, loss of profits from subletting was not properly
chargeable to him, as he had no authority for subletting.

4. SAME—COMPENSATION—SERVICES.

Allowance of compensation to receiver for services should have
stopped at time liability for profits on subletting stopped,
where he performed no other service.

Appeal from Wayne; Driscoll (George O.), J.,
presiding. Submitted October 21, 1931. (Docket
No. 166, Calendar No. 35,824.) Decided January 4,
1932.

Petition by Charles A. Locke, receiver of the
Brunswick Garage, a Michigan corporation, against
Marcell S. Dolenga, former receiver, for an account-
ing. Ætna Casualty & Surety Company, a Connecti-
cut corporation, surety on Dolenga's bond as re-
ceiver, intervened. From decree rendered, inter-
vener appeals. Modified and affirmed.

*Edward R. Kehoe,* for plaintiff.

*Stevenson, Butzel, Eaman & Long (A. Hilliard Williams,* of counsel), for intervener.

FEAD, J. . This is appeal by the surety on the bond of M. S. Dolenga, former receiver of Brunswick Garage, from allowance of Dolenga's account as receiver, ordered on petition of plaintiff, the present receiver. Dolenga was appointed in April, 1923, and removed for cause in February, 1930. He failed to take care of the property and permitted it to be lost, kept practically no books or records, disregarded advice of counsel and orders of the court, made no accounting, allowed collectible bills to be outlawed, and, in addition, the court thought he was not a reliable witness.

A multitude of items are involved. We are not satisfied that a just account can be made because some of plaintiff's claims of value seem too high and Dolenga has made no such showing of fair worth as will permit reduction. But Dolenga had the burden of accounting for his acts and for the property which came into his hands and he cannot hide behind a lack of testimony which it was his duty to produce.

The court allowed $5,523.25 as value of property lost through Dolenga's carelessness. We find that items aggregating $1,402.90 are not proper charges, for lack of proof of the item or the amount. We also find that additional credits of $435.79 should be allowed. No good will be served by detailing the items in an opinion, but a list of them will be handed counsel.

Dolenga permitted good book accounts of $483.14 to outlaw without attempting to collect, and there is no showing of present collectibility. They are proper charges against him.

When Dolenga became receiver, the city had condemned the real estate in which the garage was

conducted. It afterward paid him for loss of lease. However, it did not dispossess him at once. He had been ordered by the court to continue the business. Instead of so doing, he discontinued operations, rented the building from the city at $150 per month, and sublet it at $250 and $275 per month for a time. In the spring of 1924 the city refused to further rent to Dolenga with privilege to sublet at a profit. It is claimed the privilege was renewed, but that Dolenga neglected to pay the rent. The premises were let by the city to other tenants in the spring of 1924 and thereafter. Dolenga was charged with $8,875 as loss of profits from March, 1924, until his discharge, for failure to continue the rental arrangement.

We do not think this item is chargeable. The rental arrangement was not a continuance of the business ordered by the court. The receiver was not ordered to engage in it nor to continue it nor was it a duty imposed upon him by law.

Without petition therefor, the court allowed compensation to Dolenga at $125 per month for six months and $50 per month for the remainder of his incumbency on the ground that it would be unfair to charge him with loss of profits without compensating him for services he would have rendered in obtaining them. As his liability to account for rentals stops with his last actual collection of them, the allowance of compensation upon such basis necessarily stops at the same time. With the adjustments above, we find the account as follows:

### Debits

| | |
|---|---|
| Cash received | $5,704.89 |
| Collectible book accounts | 483.14 |
| Property lost | 4,120.35 |
| Total | $10,308.38 |

Credits

| | |
|---|---|
| Cash disbursements | $4,579.07 |
| Additional disbursements | 435.79 |
| Receiver's fee, 6 mo. as allowed | 750.00 |
| Receiver's fee, 3 mo. as allowed | 150.00 |
| Total | $5,914.86 |

Decree will be modified to charge Dolenga with the balance of $4,393.52. Appellant will have costs of this court.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.